UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SABRINA MARIE KENDALL, | CASE NO. 3:15-CV-05308-RBL-DWC |
| Petitioner, | |
| | REPORT AND |
| v. | RECOMMENDATION |
| JANE PARNELL, | Noting Date: September 11, 2015 |
| Respondent. | |

The District Court has referred this action to United States Magistrate Judge David W. Christel. Petitioner filed her federal habeas Petition ("Petition"), pursuant to 28 U.S.C. § 2254, seeking relief from a state court conviction. The Court concludes the Petition is time-barred and recommends the Petition be dismissed with prejudice.

BACKGROUND

In October of 2004, Petitioner was found guilty of first degree murder. Dkt. 16, Exhibit 1. Petitioner was sentenced to 324 months of imprisonment on November 19, 2004. *Id*. Petitioner challenged her conviction and sentence on direct appeal. Dkt. 16, Exhibit 3. The Court of Appeals of the State of Washington affirmed Petitioner's conviction, and the Washington State

REPORT AND RECOMMENDATION - 1

Supreme Court denied review without comment on December 5, 2007. Dkt. 16, Exhibits 6, 8.
Petitioner did not file a state collateral attack.

On May 5, 2015, Petitioner signed, effectively filing[1], her federal habeas Petition. Dkt. 7,
p. 24. Respondent maintains the Petition was signed after the statute of limitations expired, and
therefore the Petition is untimely and should be dismissed with prejudice. Dkt. 15. Petitioner did
not file a Response to Respondent's Answer.[2]

DISCUSSION

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which became
effective on April 24, 1996, and is codified at 28 U.S.C. § 2241 *et seq.*, a one-year statute of
limitations applies to federal habeas petitions. Section 2244(d)(1)(A) requires a prisoner to file a
habeas petition within one year of "the date on which the [state court] judgment [of conviction]
became final by the conclusion of direct review or the expiration of the time for seeking such
review". A direct review generally concludes and the judgment becomes final either upon the
expiration of the time for filing a petition for writ of certiorari with the United States Supreme
Court, or when the Supreme Court rules on a timely filed petition for certiorari. *Bowen v. Roe*,
188 F.3d 1157, 1158-59 (9th Cir. 1999). The Act further states "[t]he time during which a
properly filed application for state post-conviction or other collateral review . . . is pending shall
not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Petitioner filed a direct appeal challenging her conviction and sentence. Dkt. 16, Exhibit 3.
The Washington State Supreme Court denied review on December 5, 2007. Dkt. 15, Exhibit 8.

---

[1] Under the prison "mailbox rule," a petition is deemed filed for purposes of AEPDA's statute of
limitations the moment it is delivered to prison authorities for forwarding to the clerk of the district court.
*See Patterson v. Stewart*, 251 F.3d 1243, 1245 n. 2 (9th Cir. 2001).

[2] Petitioner has not requested an evidentiary hearing, and the Court concludes an evidentiary
hearing is not necessary in this case. *See* 28 U.S.C. §2254(e)(2) (1996).

REPORT AND RECOMMENDATION - 2

1    Petitioner did not file a petition for writ of certiorari in the United States Supreme Court (*see*

2    Dkt. 7, p. 3), making her direct appeal final on March 4, 2008, the date the time for filing a

3    petition for certiorari expired. *See* U.S.Sup.Ct. Rule 13 (a writ of certiorari must be filed within

4    90 days after entry of the judgment).

5        The AEDPA limitations period began running on March 5, 2008, the day after the direct

6    appeal became final. Petitioner did not file a state collateral attack. Therefore, the statute of

7    limitations expired on March 5, 2009, one year after Petitioner's state conviction became final.

8    Petitioner did not file her Petition until May 5, 2015, which was six years and two months after

9    the statute of limitations expired.

10       The AEDPA statute of limitations is subject to equitable tolling where the petitioner

11   pursued her rights diligently and "some extraordinary circumstance stood in h[er] way." *Holland*

12   *v. Florida*, 560 U.S. 631, 649 (2010) (internal quotations omitted). To receive equitable tolling, a

13   petitioner at the very least must show the extraordinary circumstances "were the but-for and

14   proximate cause of h[er] untimeliness." *Ansaldo v. Knowles*, 143 Fed. Appx. 839, 840 (9th Cir.

15   2005). In her Petition, when asked why the state of limitations does not bar her Petition,

16   Petitioner stated "DOES NOT APPLY." Dkt. 7, p. 22. Petitioner fails to demonstrate any

17   extraordinary circumstance prevented her from filing a timely habeas petition. Further, Petitioner

18   fails to explain why she waited approximately seven years after her state conviction became final

19   before pursuing post-conviction relief.  Accordingly, Petitioner fails to show she is entitled to

20   equitable tolling and the Petition is barred by the statute of limitations.[3]

21

22   _____

23       [3] Respondent also asserts the Petition should be denied because Petitioner failed to exhaust the
     available state remedies for Grounds 2, 3, and 4 and is now procedurally barred from bringing those
24   claims in federal court. Dkt. 15. As the Court finds the Petition is time-barred, the Court declines to
     discuss Respondent's additional arguments.

REPORT AND RECOMMENDATION - 3

1

CERTIFICATE OF APPEALABILITY

2       A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district

3 court's dismissal of the federal habeas petition only after obtaining a certificate of appealability

4 (COA) from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability

5 may issue . . . only if the [petitioner] has made a substantial showing of the denial of a

6 constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating

7 that jurists of reason could disagree with the district court's resolution of h[er] constitutional

8 claims or that jurists could conclude the issues presented are adequate to deserve encouragement

9 to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (*citing Slack v. McDaniel*,

10 529 U.S. 473, 484 (2000)). Pursuant to this standard, this Court concludes Petitioner is not

11 entitled to a certificate of appealability with respect to this Petition.

12

CONCLUSION

13       Petitioner's Petition is untimely as it was filed more than one year after the state court

14 judgment became final. There are no extraordinary circumstances in this case requiring the

15 application of equitable tolling principles. Therefore, the Petition is barred by the one-year

16 statute of limitations period imposed under 28 U.S.C. § 2244(d) and should be dismissed with

17 prejudice. No evidentiary hearing is necessary and a certificate of appealability should be denied.

18       Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

19 fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.

20 6.  Failure to file objections will result in a waiver of those objections for purposes of de novo

21 review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit

22 imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on

23 September 11, 2015, as noted in the caption.

24

1     Dated this 18th day of August, 2015.

2

3                                   David W. Christel

4                                   United States Magistrate Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24